**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| FUAD ALI ABDALLA ALSYOUF, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) | No. 2:26-cv-02762-SHL-cgc |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

On June 29, 2026, Petitioner Fuad Ali Abdalla Alsyouf filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Alsyouf, a citizen of Jordan, challenges his "continued detention without a bond hearing." (Id. at PageID 3.) On April 12, 2026, he was taken into ICE custody and remains detained at the West Tennessee detention facility. (Id. at PageID 2.) He seeks immediate release from Respondent's custody. (Id. at PageID 7.) Respondent responded on July 6, urging the Court to deny the Petition because Alsyouf already received a bond hearing, in which bond was denied. (ECF No. 8 at PageID 17.) Alsyouf replied on July 8. (ECF No. 10.)

**BACKGROUND**

Alsyouf entered the United States in 2014. (Id. at PageID 28.) He lives in Murfreesboro, Tennessee, where he owns ice cream trucks and works as a handyman. (Id. at PageID 28–29.) Also present in the United States are his wife and five children, two of whom are United States citizens. (Id. at PageID 28.) He states that "[h]is youngest child has suffered anxiety since his father was taken into custody." (Id. at PageID 29.)

Petitioner was detained by ICE after the family called the police to their home "because his son was being belligerent and showing aggression towards family members."  (Id.)  "When police arrived," according to Petitioner, "they arrested Mr. Alsyouf instead."  (Id.)  "He was charged with assault/domestic violence, but the criminal court dismissed all charges outright."  (Id.)  Petitioner emphasizes that "[t]here was no guilty plea, no conviction, and no finding of guilt."  (Id.)

On June 18, an Immigration Judge ("IJ") conducted a bond hearing in Petitioner's case.  The IJ issued a one-sentence order denying bond, stating only, "Denied, because [Petitioner] failed to meet their burden as to danger."  (Id.)

## ANALYSIS

Respondent argues that the Petition should be dismissed as moot because Petitioner already received an individualized bond hearing before an IJ on June 18, in accordance with Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026).  (ECF No. 8 at PageID 17.)  Thus, according to Respondent, Petitioner "has already been granted the relief complained of in his Petition."  (Id.)  As a result, he contends that the Court lacks jurisdiction over the Petition, which has been rendered moot.  (Id. at PageID 17–18.)

In reply, Petitioner argues that the IJ's "unexplained, conclusory order" denying bond was insufficient.  (ECF No. 10 at PageID 27.)  Petitioner asserts that

> [t]he written order, a two-page form which is mostly blank, . . . contains no discussion of the evidence, no analysis of any of the factors from Matter of Guerra, 24 [I. & N.] Dec. 37 (BIA 2006),[1] no explanation for disregarding powerful

---

[1] The nine Guerra factors, which IJs may weigh to determine whether a noncitizen "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," include

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States,

favorable equities, and no indication that the IJ grappled with the dismissal of the criminal case or the unreliable nature of the Government's documentary submissions.

(Id. at PageID 29–30.)  "When the only apparent negative factor [weighing against granting bond] is a dismissed arrest," contends Petitioner, "a bare conclusion that [Petitioner] 'failed to meet [his] burden as to danger' is not an adequate application of Guerra or due process."  (Id.)

Because it appears that Petitioner was afforded some sort of bond hearing in compliance with § 1226(a), the only remaining question under the habeas analysis is whether that bond hearing complied with due process.  Specifically, although the issue was not briefed by either party, the Court analyzes whether the IJ violated Petitioner's due process rights by placing on him the burden of proof as to dangerousness.  See Ba v. Raycraft, No. 26-10838, 2026 WL 1213803, at *1 (E.D. Mich. May 4, 2026) ("[I]t is the government's burden to establish by clear and convincing evidence that [petitioner] is a risk of flight or danger to the community; and the IJ violated [petitioner's] Fifth Amendment due process rights when continuing [his] detention . . . because [he] failed to show that he was not a flight risk.").

"It is not disputed that § 1226(a) is silent as to what burden of proof applies in bond hearings, and who bears that burden."  Mkhaitir v. Mullin, No. CV 26-183, 2026 WL 1415034, at *4 (E.D. Ky. May 20, 2026).  The Board of Immigration Appeals ("BIA") has placed the burden of proof on those noncitizens detained under § 1226(a) to demonstrate "to the satisfaction

---

and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Guerra, 24 I. & N. Dec. at 40 (citations omitted).

of the immigration judge that he or she merits release on bond." Mkhaitir, 2026 WL 1415034, at

*4 (quoting Guerra, 24 I. & N. Dec. at 40). "However, pursuant to the Supreme Court's recent

decision in Loper Bright Enter. v. Raimondo, courts 'need not defer to any agency interpretation

of law just because a statute is ambiguous.'" Id. (quoting Loper Bright, 603 U.S. 400, 412–413

(2024)). While acknowledging the BIA's interpretation, and given that the Sixth Circuit has not

addressed this issue, the Court notes that several sister circuits have. See id. at *4–5 (noting that

the First and Second Circuits, and many district courts, place the burden of proof as to

dangerousness on the government). But see id. at *6 (noting that the Fourth and Ninth Circuits

have reached the opposite conclusion).

     As the First Circuit determined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021),

the three-part balancing test in Mathews v. Eldridge, 424 U.S. 893 (1976), is the appropriate

standard to use in assessing whether the "Due Process clause of the Fifth Amendment entitles a

noncitizen detained pursuant to Section 1226(a) to a bond hearing at which the government bears

the burden of proving by clear and convincing evidence that the noncitizen is dangerous or a

flight risk." 10 F.4th at 27. The Mathews factors include (1) "the private interest that will be

affected by the official action," (2) "the risk of an erroneous deprivation of such interest," and (3)

"the Government's interest, including the function involved and the fiscal and administrative

burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

     Applying the Mathews factors here, (1) Petitioner has a strong private liberty interest; (2)

there is a high risk of erroneous deprivation if the IJ places on him the burden to prove that he is

not dangerous; and (3) the government has a relatively small interest in placing the burden of

proof on a noncitizen detained under § 1226(a), in that the government already has access to the

court documents and any other proof it needs to demonstrate dangerousness. "[G]iven the risk

that the current procedures lead to many instances of needless detention, entailing substantial social and financial costs, the public interest in placing the burden of proof on the detainee is uncertain at best, and may well be negative." Mkhaitir, 2026 WL 1415034, at *5 (quoting Hernandez-Lara, 10 F.4th at 33). As the Second Circuit held in in Velasco Lopez v. Decker, 978 F.3d 842 (2d Cir. 2020), "shifting the burden of proof to the Government to justify continued detention promotes the Government's interest—one we believe to be paramount—in minimizing the enormous impact of incarceration in cases where it serves no purpose." 978 F.3d at 854.

In the end, although the Court acknowledges the government's interest in protecting its citizens, shifting the burden to the government "imposes minimal additional hardships." Mkhaitir, 2026 WL 1415034, at *6; see also Azalyar v. Raycraft, No. 25-cv-916, 2026 WL 30741, at *5 (S.D. Ohio Jan. 2, 2026) ("To counter this high risk, Respondents must provide a custody redetermination hearing at which the government bears the burden of justifying [petitioner's] continued detention and the IJ is empowered to consider both 'alternatives to detention' and his 'ability to pay when setting any bond amount.'" (citation omitted)).

Accordingly, the Court concludes that Petitioner's Fifth Amendment Due Process right was violated when the IJ placed the burden on him in his bond hearing. (See ECF No. 8-2 at PageID 24 (denying bond "because [Petitioner] failed to meet [his] burden as to danger.").) Although Petitioner seeks immediate release, the Court, following other district courts in this Circuit, finds that the appropriate remedy is to provide a constitutionally adequate bond hearing. "Additionally, consistent with the other courts who have concluded that the government must bear the burden of proof, this Court concludes that a clear and convincing standard 'provides the appropriate level of procedural protection.'" See Mkhaitir, 2026 WL 1415034, at *6 (citation omitted).

Therefore, **IT IS ORDERED** that, **within five business days**, Respondent shall either

release Petitioner from custody or provide him with a constitutionally adequate bond hearing

before an IJ.  In the event of the latter:

(1)    Respondent shall provide a copy of this Order to the IJ prior to any hearing;

(2)    the IJ shall have jurisdiction over the matter and be empowered to grant bond, see

Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026);

(3)    Respondent shall bear the burden of persuasion of justifying Petitioner's

continued detention by adducing clear and convincing evidence on the record that Petitioner is

either a flight risk or a danger to the community;

(4)    the IJ shall consider the evidence submitted by Petitioner, carefully weigh the

nine relevant factors from Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006), and clearly

explain all legal and factual conclusions; and

(5)    the IJ shall consider, and explain, whether less restrictive alternatives to detention

can reasonably address the government's interest, as well as Petitioner's ability to pay when

setting any bond amount.

**IT IS FURTHER ORDERED** that Respondent shall file a Status Report with this Court

**within two business days** of the bond hearing or of Petitioner's release.  The certification shall

note whether and when a bond hearing was held, whether bond was granted or denied, and the

reasons therefore.

**IT IS SO ORDERED,** this 20th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

6